UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-147-DLB-EBA

KATRINA WATTS, *Administratrix of*
the Estate of Leon Rucker Jackson                                                   PLAINTIFF

v.                              MEMORANDUM OPINION & ORDER

UNITED STATES OF AMERICA                                                         DEFENDANT

* * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment. (Doc. # 10). This Motion has been fully briefed, (Docs. # 15 and 16), and is ripe for the Court's review. For the reasons set forth herein, the Motion is **denied without prejudice**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Katrina Watts, acting as the Administratrix of the Estate of Leon Rucker Jackson, brings this negligence and wrongful death action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, and Kentucky law. (Doc. # 1 ¶¶ 1, 29-41). Plaintiff alleges that Jackson was stabbed to death while imprisoned at the United States Penitentiary, Big Sandy ("USP Big Sandy") as a result of negligence, willful or intentional wrongful conduct, or deliberate indifference by Defendant, the United States. (*Id.* ¶ 1). As required, Plaintiff filed an administrative claim under the Federal Tort Claims Act ("FTCA"), which was ultimately denied by certified letter postmarked for May 28, 2020. (*Id.* ¶¶ 1, 3).

Defendant United States, through the Federal Bureau of Prisons, operates USP Big Sandy, under the leadership of Warden Gregory Kizziah.[1] (*Id.* ¶¶ 12-13). On December 7, 2017, while housed at USP Big Sandy, another inmate inflicted fatal stab injuries to Jackson's upper left chest area. (*Id.* ¶ 25). Plaintiff alleges that the United States, through the staff at USP Big Sandy, failed to prevent inmates from possessing deadly weapons, improperly categorized, placed, and supervised Jackson, did not properly train, hire, or supervise staff, failed to establish procedures for inmate safety, and failed to intervene or prevent the attack that led to Jackson's death. (*Id.* ¶ 26).

On February 25, 2021, Defendant United States filed a Motion to Dismiss, or in the alternative a Motion for Summary Judgment, (Doc. # 10), in conjunction with a Memorandum in Support, (Doc. # 12). The United States also requested that the Court seal the Memorandum in Support on the basis that it "contain[s] information regarding the security of the prison and operations thereof that should not be released to the general public." (Doc. # 11). The Memorandum in Support of the Motion to Dismiss argues that the Court lacked subject matter jurisdiction over this case because the discretionary function exception of the FTCA bars Plaintiff from suing Defendant for actions related to Jackson's death. (Doc. # 12). On May 5, 2021, Plaintiff filed a Response opposing the United States' Motion to Dismiss on the basis that Plaintiff had not yet been granted the opportunity to perform any discovery and therefore did not have the necessary information to contest the issue of subject matter jurisdiction or the discretionary function exception of the FTCA. (Doc. # 15). Defendant having filed its Reply (Doc. # 16), the motion is ripe for review.

---

[1] While multiple other persons employed by USP Big Sandy were allegedly involved, without discovery, Plaintiff was unable to uncover their identities. (*Id.* ¶¶ 14-15).

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), parties may move to dismiss a complaint based on a lack of subject matter jurisdiction. Motions to dismiss of this nature fall into two categories: (1) facial attacks and (2) factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself," while "[a] *factual* attack . . . [is] a challenge to the factual existence of subject matter jurisdiction." *Id.* (emphasis in original). When a party asserts a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted). Therefore, the Court does "not presume plaintiff's allegations to be true," *Ohio Coal Ass'n v. Perez*, 192 F. Supp. 3d 882, 893 (S.D. Ohio 2016), and instead the burden is on the plaintiff to establish that subject matter jurisdiction exists, *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014). Importantly, when a party challenges subject matter jurisdiction under Rule 12(b)(1), "the court is empowered to resolve factual disputes." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

However, prior to adjudication of a motion to dismiss on the grounds of lack of subject matter jurisdiction, Plaintiff "must be given an opportunity to secure and present relevant evidence to the existence of jurisdiction." *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005), *vacated in part on reh'g*, 413 F.3d 578 (6th Cir. 2005). Even so, Plaintiff still must "explain what evidence relevant to subject matter jurisdiction [she was] denied from

3

obtaining." *C.H. by and through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020) (internal quotations omitted).

### B. Discretionary Function Exception to the Federal Tort Claims Act

Generally, "the United States government may not be sued without its consent." *Montez ex rel. Estate of Hearlson v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). By enacting the Federal Tort Claims Act ("FTCA"), the United States waived its sovereign immunity, thereby consenting to be sued. 28 U.S.C. § 2674 ("The United States shall be liable . . . relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances"). However, 28 U.S.C. § 2680 excludes certain claims from the FTCA's waiver of sovereign immunity—one which is commonly referred to as the discretionary function exception. The discretionary function exception excludes from the FTCA "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). This exception covers only acts that are "discretionary in nature," in other words, "acts that involve an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (internal quotations omitted). "The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the direction." *Id.* (internal quotations omitted). If the employee's conduct did involve judgment or choice, the court must determine "whether 'that judgment is of the kind that the discretionary function exception was designed to shield.'" *Anestis v. United States*, 749 F.3d 520, 529 (6th Cir. 2014) (quoting *Gaubert*, 499 U.S. 322-23) (internal quotations omitted).

At this point in the litigation, the Court acknowledges that Plaintiff has not presented evidence sufficient to meet her burden of proving the existence of subject matter jurisdiction. Nevertheless, Plaintiff argues that Defendants "have neglected to furnish detailed information concerning the death of Mr. Jackson despite [] having been requested by the Plaintiff since the day they were notified of his death." (Doc. # 15 at 2). The pertinent question is whether Plaintiff has adequately explained what information relating to subject matter jurisdiction she was denied from obtaining. *C.H. by and through Shields*, 818 F. App'x at 484. The United States argues that Plaintiff "fails to offer more than bare allegations that discovery would provide facts to support jurisdiction." (Doc. # 16 at 3). While the United States has provided U.S. Code and Bureau of Prisons' Program Statements, as well as General Post Orders, as evidence proving that the actions of USP Big Sandy personnel were discretionary, (*see* Docs. # 12 at 7, 9-12, 14-15 and 12-1 at 2-5, 6-7, 17-95), Plaintiff points out that it is unclear "whether the programs of the USP Big Sandy allowed for discretion in their enactment," (Doc. # 15 at 5), and alleged in her Complaint that Defendants violated USP Big Sandy protocols and rules for protecting prisoners from harm, (Doc. # 1 ¶ 26). Information about BOP's policies and how they were specifically implemented and executed at USP Big Sandy as well as facts regarding the circumstances surrounding Jackson's death are reasonably likely to illuminate these issues. Limited discovery related to those topics will therefore be permitted.

Further, even if the at issue policies allowed for discretion in their enactment, the analysis of whether the discretionary function exception bars the suit does not end there. The Court still must determine "whether 'that judgment is of the kind that the discretionary function exception was designed to shield.'" *Anestis*, 749 F.3d at 529 (quoting *Gaubert*,

499 U.S. 322-23). Plaintiff points out that the "immediate threat" exception to the discretionary function exception may be applicable in the current case. (Doc. # 15 at 6). This principle, laid out in *Montez*, 359 F.3d at 398, recognizes that "a complaint that alleges the existence of a specific and immediate threat against an inmate is more likely to survive a motion to dismiss" because "decisions by prison officials to ignore specific and immediate threats against inmates are less likely to be the type of decision that can be said to be grounded in the underlying policy of the BOP, which requires prison officials to provide for the safekeeping and protection of inmates." Plaintiff's Complaint specifically alleges that prison officials ignored a substantial risk of serious harm or death to Plaintiff, (Doc. # 1 ¶ 27), and Plaintiff's Response explains that unlike the prison guards in *Montez*, "who discovered the decedent's body post-mortem," the guards in this case must have been "aware of the immediate threat to Mr. Jackson's life," given that they had to break up the altercation that led to Mr. Jackson's death. (Doc. # 15 at 6).

Accordingly, details contained in the investigative report,[2] and other files surrounding Jackson's death, could establish the existence of standing. Because it is within the Court's discretion whether to allow discovery prior to adjudicating a motion to dismiss, Defendants' Motion to Dismiss, (Doc. # 10), will be denied without prejudice to allow for limited discovery.

---

[2] While there is a form describing the incident in the record, (Doc. # 12-1 at 14-15), it is only two pages and does not provide any information outside of a description of the fight between inmates that led to Jackson's death. In the United States' Reply, it does not address whether or not this incident report is the entirety of the investigative file relating to Jackson's death. (*See* Doc. # 16).

6

### C. Scope of Discovery

If Defendant has specific objections to the discovery requests set forth in Plaintiff's Response, (Doc. # 15), the parties should refer to the three-step procedure for discovery disputes outlined in the Referral to the United States Magistrate Judge provided in section III(4) below. The Court expects that relevant discovery would include the investigative report from Jackson's death, any other documents related to his death, as well as procedural guidelines and programs implemented at USP Big Sandy to the extent that they were not already included as exhibits by the United States.

### D. United States' Motion to Seal

Lastly, the Court must address Defendant's Motion to Seal its Memorandum in Support of its Motion to Dismiss. (Doc. # 11). A motion to seal is a procedural mechanism in which a party can indicate to the Court that a filing is private in nature. While Plaintiff did not object to Defendant's Motion to Seal, (Doc. # 11), the Court has its "own 'obligation to explain the basis for sealing court records [that] is independent of whether anyone objects to it.'" *Danley v. Encore Capital Grp., Inc.*, 680 F. App'x 394, 399 (6th Cir. 2017) (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 399, 305-06 (6th Cir. 2016)). At the adjudication stage of litigation, "[t]he public has a strong interest in obtaining the information obtained in the court record." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). This strong interest results in a "strong presumption in favor of openness" and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* As noted by the Sixth Circuit, this "burden is a heavy one: 'Only the most

compelling reasons can justify non-disclosure of judicial records.'"  *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).

Here, the United States provided a one-sentence justification for sealing its Motion to Dismiss brief and the accompanying attachment: "they contain information regarding the security of the prison and operations thereof that should not be released to the general public."  (Doc. # 11 at 1).  The United States provides no citations to case law to bolster this point.  This justification is "brief, perfunctory, and patently inadequate," and without further explanation, the Court would not be justified in granting the Motion to Seal.[3]  *Shane Grp.*, 825 F.3d at 306.  For these reasons, the Court finds that the United States has not met its burden of providing a compelling reason to justify the sealing of its Memorandum in Support of its Motion to Dismiss.  Therefore, the Motion to Seal, (Doc. # 11), is denied.

### III.   CONCLUSION

Thus, for the reasons articulated herein,

**IT IS HEREBY ORDERED** as follows:

(1)   Defendant United States' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (Doc. # 10) is **denied without prejudice**;

(2)   The United States' Motion to Seal (Doc. # 11) is **denied**, and the Memorandum in Support of its Motion to Dismiss and the accompanying exhibit (Docs. # 12 and 12-1) **shall be unsealed by the Clerk**;

---

[3]   In order to grant a Motion to Seal, the Court must "set forth specific findings and conclusions," supporting its order, and if the Court fails to provide reasoning for "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary," the seal may be vacated by the Sixth Circuit.  *Shane Grp.*, 825 F.3d at 306.  With the lack of justification provided by the United States, the Court is unable to provide any reasoning to support granting the Motion to Seal.

(3) This case is hereby **referred** to Magistrate Judge Edward B. Atkins to supervise discovery and pretrial proceedings. In connection with such reference, said Magistrate Judge is authorized to conduct all pretrial and status conferences, to hold all hearings as may be required, and to rule on non-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A), except motions in limine. *See Brown v. Wesley's Quaker Maid Inc.*, 771 F.2d 952 (6th Cir. 1985). Dispositive motions and motions in limine will be referred by the Clerk of this Court to the undersigned. The case will revert back to the undersigned to hold the final pretrial conference and trial;

(4) Discovery disputes shall be resolved in the following manner: (a) Parties shall meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (b) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge; (c) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the Court. Written motions regarding discovery shall include the certification required by Local Rule 37.1; and

(5) Discovery on the issue of subject matter jurisdiction shall be completed no later than **Monday, November 1, 2021**.

This 29th day of July, 2021.



Signed By:
*David L. Bunning*
**United States District Judge**

M:\DATA\ORDERS\PikeCivil\2020\20-147 Watts MOO.docx