UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 20-147-DLB-EBA

KATRINA WATTS, *Administratrix of*
the Estate of Leon Rucker Jackson                                                    PLAINTIFF

v.                                            **MEMORANDUM ORDER**

UNITED STATES OF AMERICA                                                      DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the United States' Motion for Judgment on the Pleadings or in the alternative, Motion for Summary Judgment. (Doc. # 21). This Motion has been fully briefed and is ripe for the Court's review. (Docs. # 23 and 24). On August 25, 2022, the Court heard the parties on this motion, Glenn Martin Hammond appeared as counsel for Plaintiff and Cheryl Morgan appeared as counsel for the United States. The proceedings were recorded by official court reporter Lisa Wiesman. For the reasons set forth herein, the United States' Motion is **granted**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Since the facts of this case were explained in detail in the Court's previous Memorandum Opinion and Order (Doc. # 17), only certain relevant facts will be restated. Plaintiff Katrina Watts, acting as the Administratrix of the Estate of Leon Rucker Jackson, brings this negligence and wrongful death action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and Kentucky state law. (Doc. # 1 ¶¶ 1, 29-41). Plaintiff alleges that Jackson was stabbed to death while imprisoned at the United States

1

Penitentiary, Big Sandy ("USP Big Sandy") as a result of negligence, willful or intentional wrongful conduct, or deliberate indifference by Defendant, the United States. (*Id.* ¶ 1).

Plaintiff alleges that the United States, through Bureau of Prisons (BOP) staff at USP Big Sandy, failed to prevent inmates from possessing deadly weapons, improperly categorized, placed, and supervised Jackson, did not properly train, hire, or supervise staff, failed to establish procedures for inmate safety, and failed to intervene or prevent the attack that led to Jackson's death. (*Id.* ¶ 26).

The United States originally filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment (Doc. # 10), which was denied without prejudice because the Court was not convinced that Plaintiff had presented sufficient evidence to prove that subject matter jurisdiction existed. The Court granted Plaintiff time to conduct limited discovery on that issue. (Doc. # 17 at 5-8). Accordingly, the Court directed that discovery on the issue of subject matter jurisdiction should be completed by no later than November 1, 2021. (*Id.* at 9).

In its memorandum in support of its motion, the United States argues that despite being given the chance to produce discovery in support of subject matter jurisdiction, Plaintiff has failed to conduct any discovery as of December 17, 2021. Plaintiff maintains that discovery has been burdensome, and that written discovery has been served. (Docs. # 21 at 2 and 23 at 2). Because of this alleged failure to conduct discovery, the United States requests the Court enter a judgment in its favor based on the pleadings or a grant summary judgment.

2

## II. ANALYSIS

### A. Standard of Review

The standard of review for a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011); *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). As the Supreme Court explained, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept "all well-pleaded material allegations of the pleadings of the" Plaintiff as true and "the motion may be granted only if the [Defendant] is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). However, as with a 12(b)(6) motion, this assumption of truth does not extend to "legal conclusions or unwarranted factual inferences." *JPMorgan*, 510 F.3d at 581-82 (citation and internal quotation marks omitted).

As is the case here, under Federal Rule of Civil Procedure 12(b)(1), parties may move to dismiss a complaint based on a lack of subject matter jurisdiction. Motions to dismiss of this nature fall into two categories: (1) facial attacks and (2) factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge

3

to the sufficiency of the pleading itself," while "[a] *factual* attack . . . [is] a challenge to the factual existence of subject matter jurisdiction." *Id.* When a party asserts a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (internal citations omitted). Therefore, the Court does "not presume plaintiff's allegations to be true," *Ohio Coal Ass'n v. Perez*, 192 F. Supp. 3d 882, 893 (S.D. Ohio 2016), and instead the burden is on the plaintiff to establish that subject matter jurisdiction exists. *Cartwright v. Garner*, 751 F.3d 752, 760 (6th Cir. 2014). Importantly, when a party challenges subject matter jurisdiction under Rule 12(b)(1), "the court is empowered to resolve factual disputes." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). Accordingly, the Court will consider the parties' evidence and arguments in making its determination as to whether Plaintiff has met her burden of establishing subject matter jurisdiction.

### B. Failure to Conduct Discovery

As discussed in the Court's previous Order, the heart of this dispute revolves around whether the discretionary function exception to the FTCA, codified at 28 U.S.C. § 2680(a), bars Plaintiff's claim for lack of subject matter jurisdiction. (Doc. # 17 at 4-6). The Court originally "acknowledge[d] that Plaintiff has not presented evidence sufficient to meet her burden of proving the existence of subject matter jurisdiction." (*Id.* at 5). In an effort to allow Plaintiff "an opportunity to secure and present relevant evidence to the existence of jurisdiction," the Court allowed limited discovery on that issue. (Doc. # 17 at 3, 5, 9) (quoting *Gilbert v. Ferry*, 401 F.3d 411, 415 (6th Cir. 2005)). Particularly, the Court granted limited discovery related to information regarding "BOP's policies and how

4

they were specifically implemented and executed at USP Big Sandy as well as facts regarding the circumstances of Jackson's death" because they were "reasonably likely to illuminate" the issues. (Doc. # 17 at 5). Unfortunately, Plaintiff has still failed to meet her burden of proving subject matter jurisdiction by not conducting discovery. *See Cartwright*, 751 F.3d at 760.

Plaintiff claims depositions of USP Big Sandy employees are "the ultimate crux of the evidence required to prove the existence of subject [sic] jurisdiction." (Doc. # 24 at 3). However, Plaintiff's only justification for her failure to conduct these crucial depositions is "that USP Big Sandy's COVID-19 protocols prevent the public and legal professionals from having any contact with inmates and administrative officers." (*Id.* at 2). To support this assertion, Plaintiff cites to a webpage screenshot of a BOP notice that explains prison visits will be non-contact and social distancing between inmates and visitors will be enforced via plexiglass or physical barriers. (*Id.*) (citing Doc. # 23-4). Plaintiff proffers that it was her understanding that this limitation would apply to administrative officers as well, so there was no opportunity to conduct depositions. (*Id.*). The Court is not convinced.

Even assuming Plaintiff has proven that she was precluded from conducting in-person depositions, which she has not, Plaintiff's counsel failed to inquire about the possibility of remote depositions or provide any notice to the Court. Indeed, the United States emphasizes, and Plaintiff admitted during the telephonic hearing, "that no contact was made by Plaintiff's counsel whatsoever in any effort to arrange, discuss, schedule, or otherwise speak about *any* depositions Plaintiff might wish to take regarding any personnel at USP Big Sandy." (Doc. # 24 at 2). Since the beginning of the COVID-19

5

pandemic, virtual depositions have become commonplace. *In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, No. 5:18-MD-2809-KKC, 2020 WL 12814761, at *2 (E.D. Ky. Sept. 18, 2020) ("Since the COVID-19 pandemic took hold in March 2020, courts across the country have addressed repeated requests for remote depositions . . . ."). However, this Court never received any such request from Plaintiff. Even prior to the pandemic, courts "have long held that leave to take remote depositions pursuant to [Rule of Civil Procedure] 30(b)(4) should be granted liberally." *Id.* (internal citations and quotation marks omitted). Indeed, "Rule 30(b)(4) was created for legitimate situations where being in-person is not viable—and a global pandemic is just such a situation." *Id.* at *3. For these reasons, Plaintiff's justification for her inability to conduct depositions is unpersuasive.

Plaintiff also asserts that "written discovery was served upon Defendant in [sic] effort to obtain needed evidence to assist in proving subject [sic] jurisdiction. Plaintiff is awaiting Defendant's answers to said discovery." (*Id.*). However, that discovery was not served upon the Defendant until the date of the filing of Plaintiff's response to the instant motion, January 5, 2022, more than two months after the extended discovery cutoff. (Doc. # 24 at 2) (citing Doc. # 24-1). Indeed, the email from Plaintiff's counsel to Defendant is dated January 5, 2022, and the attachments are titled "Pltf's First RFP to Dft" and "Pltf's First Set of INT to Dft." (Doc. # 24-1). This email indicates that the *first set* of discovery requests (presumably requests for production of documents and interrogatories) were sent to Defendant two months *after* discovery should have been completed. While Plaintiff is technically correct in her Response that discovery had been served, it was well after the deadline of November 1, 2021, and Plaintiff offers no convincing justification for

6

that substantial delay. Plaintiff had a total of three months to do so from the entry of the Court's Order on July 29, 2021 until November 1, 2021. *Nothing* was done during those three months. For these reasons, the Court finds Plaintiff's explanations for failing to conduct discovery unconvincing.

### 1. Discretionary Function Exception

"Federal courts lack subject-matter jurisdiction over any claim that falls within § 2680." *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018). The discretionary function exception, which falls under § 2680, excludes from the FTCA "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). This exception covers only acts that are "discretionary in nature," in other words, "acts that involv[e] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citations and internal quotation marks omitted) (alterations in original). "The requirement of judgment or choice is not satisfied if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the direction." *Id.* (internal quotations omitted). If the employee's conduct did involve judgment or choice, the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Anestis v. United States*, 749 F.3d 520, 529 (6th Cir. 2014) (citations and internal quotation marks omitted).

Because Plaintiff bears the burden of proving subject matter jurisdiction, she consequently must prove that the discretionary function exception does not bar her

7

claims. *See Cartwright*, 751 F.3d at 760.  However, at this point in the litigation, the Court must again acknowledge—as it did in its previous Order—that Plaintiff has not presented evidence sufficient to meet her burden of proving the existence of subject matter jurisdiction.  (Doc. # 17 at 5).  Specifically, she has not proven the inapplicability of the discretionary function exception as nothing has changed since the Court's previous Order.  (*Id.*).  Of course, this Court cannot maintain a case in which it is insufficiently clear whether it has proper subject matter jurisdiction.  *See Cartwright*, 751 F.3d at 759; Fed. R. Civ. P. 12(b); 28 U.S.C. § 1331.

### III.   CONCLUSION

Thus, for the reasons articulated herein, **IT IS HEREBY ORDERED** as follows:

(1)   Defendant United States' Motion for Judgment on the Pleadings or in the alternative, Motion for Summary Judgment (Doc. # 21) is **GRANTED**;

(2)   Plaintiff's Complaint (Doc. # 1) is **DISMISSED WITH PREUDICE**;

(3)   This matter shall be **STRICKEN** from the Court's active docket; and

(4)   The Court will enter a corresponding Judgment with this Order.

This 25th day of August, 2022.



Signed By:
*David L. Bunning*
**United States District Judge**

K:\DATA\ORDERS\PikeCivil\2020\20-147 MOO re MTD.docx